IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BILLY G. ASEMANI, <br><br> Plaintiff, <br><br> v. <br><br> CENTURION, Private Medical Contractor, et al., <br><br> Defendants. | Civil Action No.: SAG-24-3423 |

**MEMORANDUM OPINION**

Plaintiff Billy G. Asemani filed this civil rights complaint and supplement to the complaint when he was housed at Roxbury Correctional Institution ("RCI"). ECF Nos. 1, 5. Subsequently, Asemani filed a motion to proceed in forma pauperis, ECF No. 4, and supplemental motions for an order granting his initial motion. ECF Nos. 29, 36. In his complaint, Asemani alleges that Defendants, who are medical providers, have delayed in providing treatment to him for a detached retina. ECF No. 1. As relief, he seeks a preliminary injunction directing Defendants to perform particular medical surgery. *Id.* at 1, 5. On November 13, 2025, Asemani was transferred to Western Correctional Institution ("WCI"). ECF No. 34. This Memorandum Opinion will address Asemani's complaint and numerous motions that are pending before the Court.

**Asemani's Motion to Proceed In Forma Pauperis**

Asemani seeks to proceed in forma pauperis. ECF Nos. 4. The verified inmate account statement filed pursuant to this Court's Order reflects a six-month average account balance of $41.07 and average monthly deposits of $120.00. ECF No. 8. Asemani is required to pay the sum of $24.00 (20% of $120.00) as the initial partial filing fee. The motion to proceed in forma pauperis

will be granted, ECF No. 4, and the subsequent motions for an order granting his initial motion will be denied as duplicative.  ECF Nos. 29, 36.

**Asemani's Request for Preliminary Relief**

In his initial complaint,  Asemani alleges that he requested sick call on July 7, 2024 because he had lost most of the vision in his left eye.  ECF No. 1 at 2.  He was not seen by medical staff until July 17, 2024, at which time he was sent to a hospital emergency room and diagnosed with a retinal detachment with vision loss in one eye.  *Id.* at 3.  Asemani was discharged with instructions to see an ophthalmology specialist in two days but was not seen again until July 26, 2024.  *Id.*  It was recommended that "time sensitive" surgery take place the week of July 31, 2024, and, if not possible, Asemani needed to be sent to another provider for an urgent consultation.  *Id.* at 4.

The surgery was not performed until August 7, 2024, at which time a "silicone balloon" was placed in Asemani's eye to assist with healing. *Id.* The balloon required removal by a second surgery within weeks. *Id.*  The removal surgery was not timely scheduled, and on September 20, 2024, complications arose and Asemani was rushed to the emergency room, where it was suspected that the retina had again become detached and it was recommended that Asemani be seen by an ophthalmologist.  *Id.* at 4-5; ECF No. 1-5 at 2.  One month later, on October 16, 2024, Asemani was sent to see an ophthalmologist but one was not available and he was returned to RCI without being seen.  *Id.* at 5.  Asemani alleges "[i]t remains to be seen whether Asemani can ever see again. After the balloon is removed from his eye, an assessment will be made as to whether any more surgeries are warranted." *Id.* at 5.   As of November 19, 2024, Asemani had still not been seen by an ophthalmologist.  *Id.* at 5, 7.

2

Asemani requests a preliminary injunction compelling Defendants to follow up with instructions by the eye surgeon for a second surgery to remove the silicone balloon placed in his eye during the first surgery. ECF No. 1 at 1, 5. Asemani does not seek additional relief. *Id.*

As Asemani alleged in his complaint that he was in imminent danger of vision loss and had an ongoing need for medical care, the Court directed his custodian, the Maryland Department of Public Safety and Correctional Services ("DPSCS"), who is responsible for his medical care, to provide a preliminary response. ECF No. 6. DPSCS was directed to explain what has been done to ensure that Asemani is receiving appropriate treatment, and include the status of surgery to remove the balloon from his eye. *Id.*

On April 17, 2025, DPSCS provided a preliminary response as directed. ECF No. 13. The response included a certified copy of Asemani's medical records, along with a motion to seal the medical records due to confidentiality reasons. ECF Nos. 14-18. Asemani consents to the sealing of exhibits, ECF No. 28, and the motion to seal the exhibits will be granted. ECF No. 18.

DPSCS's response and medical records document that Asemani was seen numerous times at the Wilmer Eye Institute and by on-site medical providers for follow up care following his August 7, 2024 surgery through March 31, 2025, and his next appointment at Wilmer was scheduled for April 21, 2025. ECF No. 13 at 5-7. *See* generally, medical records ECF 14-17; ECF No. 14 at 8.

On August 5, 2024 at a pre-surgery visit, Asemani was advised that if "oil" is placed in the eye during surgery this will have to be later removed. ECF No. 17 at 2. Critically relevant to Asemani's request for preliminary relief, he received surgery on January 15, 2025, for silicone oil removal and retinal detachment repair and then additional surgery on January 29, 2025 for a

3

renewed retinal detachment, removal of air and silicone oil bubbles,[1] and is also receiving ongoing treatment for his eye disorder.  ECF No. 14 at 47, 64, 72; ECF No. 16 at 13-15, 18-20.

Asemani has not replied substantively to the response provided by DPSCS.  Asemani's initial request for preliminary relief will be denied as moot, insofar as he has received the surgery he was seeking along with continuous medical treatment.  Asemani's motion for DPSCS to produce additional medical records in relation to their response to the motion for preliminary relief will similarly be denied as moot.  ECF No. 27.  Asemani has since filed a new request for preliminary relief that will be addressed below.  ECF Nos. 32, 35.

**Asemani's Motion for the Court to take "Judicial Notice"**

After the Court directed DPSCS to respond to the request for preliminary relief,  Asemani filed a motion requesting that the Court take "Judicial Notice" of the law.  ECF No. 7.  The filing primarily contains case citations and copies of legal opinions.  *Id.*  The Clerk will be directed to terminate this motion on the docket and revise the entry to read "second supplement to the complaint."

**Centurion's Dispositive Motion and Asemani's Related Motions**

Asemani named as Defendants in this action Centurion, the private medical contractor, and two unidentified employees of Centurion, namely "Jane," and "C".  ECF No. 1.  Although the Court had not yet directed service of the complaint on Defendants, counsel appeared on behalf of

---

[1] The Court notes the difficulty in matching the over 400 pages of medical records with the record citations in the memorandum of law.  At times, the memorandum references the page number on the medical record itself and at other times it is not clear what page number is referenced. For example, the memorandum references Exhibit 3 at 115-117, 120, 134-35, 210-214 but Exhibit 3 contains only 113 pages, ECF No. 16, and the page numbers do not otherwise correspond to the exhibits provided. ECF No. 13 at 3, 5-6.  For future reference, the Court refers counsel to Local Rule 105(5) which states "[p]arties are responsible for ensuring all exhibits are clear and well organized.  When appropriate, parties should facilitate the Court's review of exhibits to include, for example, highlighting key language."

Centurion and filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 22. As discussed below, Asemani will be provided with an opportunity to file an amended complaint. Centurion's motion will be dismissed without prejudice insofar as it was prematurely filed in response to the initial complaint, which the Court determines may not further proceed. Asemani's motions filed in response to Defendant's dispositive motion will accordingly be dismissed as moot. *See* motion for extension of time to file response, ECF No. 24, and motion requesting Asemani not be required to respond to Defendant's motion. ECF No. 29.

**Amended Complaint and Additional Motions for Preliminary Relief**

At this juncture, Asemani's complaint may not proceed. In his complaint, he requested only preliminary relief and he has already received what he seeks. He states further that he is not seeking monetary damages. ECF No. 1 at 5.

Asemani has since filed an additional "emergency" motion for preliminary relief, and a supplement to the motion, seeking that Defendants be ordered to return him to the Wilmer Eye Institute for additionally needed surgery. ECF No. 32, 35. The motion seeks ongoing medical care for follow up treatment pertaining to surgery he received subsequent to filing his initial complaint. *Id.* The Court does not have a viable complaint alleging facts that would allow Asemani's new motions for preliminary relief to be considered. As such, Asemani's motion for preliminary relief and supplement will be denied without prejudice. *Id.*

The Court will allow Asemani to file an amended complaint that meets pleading standards and names proper defendants. Complaints filed by self-represented individuals are held to a less stringent standard than those drafted by attorneys and a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d

5

823, 825 (4th Cir. 1984). Because Asemani proceeds pro se, the Court will allow him an opportunity to file an amended complaint pertaining to the care he has received and the further care he is now seeking from medical providers. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

As Asemani is proceeding in forma pauperis, after the amended complaint is filed, it will be screened by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Defendants should not respond to any amended complaint filed prior to the Court directing a response after its screening.

Asemani may file an amended complaint within 28 days from the date of this order. If Asemani chooses to file an amended complaint, he needs to name as defendants the individuals responsible for the provision of medical care and explain the actions each defendant took to delay or deny medical care, any harm he has or may suffer from the delay, and the relief he is seeking. If Asemani chooses not to file an amended complaint in the 28 days provided, the original complaint will be dismissed without prejudice.

To comply with the Federal Rules of Civil Procedure, the amended complaint must include, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and name each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule

6

8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court advises Asemani that an amended complaint replaces the original complaint and supplements filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint required by this Order must include all of the allegations against each defendant, so that the amended complaint may stand alone as the sole complaint in this action.

**Asemani is specifically directed to file his amended complaint on the Court's civil rights complaint form which will be provided with this Order.** The Court's form directs the plaintiff to provide the information the Court requires to process the filing. Additionally, the amended complaint must meet the requirements of this Order, or the amended complaint may be dismissed with prejudice.

To the extent that Asemani may again wish to seek preliminary relief, he is advised that "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be."). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v.*

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009).  As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).  These are the criteria by which any future motion for preliminary relief will be assessed.

**Asemani's Motions for Appointment of Counsel**

Asemani has filed motions and supplements to motions requesting appointment of counsel. ECF Nos. 11, 20, 33.  A pro se prisoner does not have a general right to counsel in a § 1983 action. *Evans v. Kuplinski,* 713 F. App'x 167, 170 (4th Cir. 2017).  A federal court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Exceptional circumstances exist if (1) plaintiff has a "colorable claim" and (2) considering the claim's objective complexity and his subjective abilities, plaintiff "lacks the capacity to present it."  *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (citation and quotations omitted).

The Court has considered Plaintiff's medical issues, the complexity of the case, and the case status.  At this stage in the proceedings, the Court does not have a viable complaint that may proceed.  Asemani has been give clear direction on how to file an amended complaint, should he choose to do so.  Following the Court's direction, Asemani should be able to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so in the preparation of an amended complaint.  At this time, he has not presented exceptional circumstances that would warrant the appointment of an attorney to represent him under 28 U.S.C. §1915(e)(1), and the motion to appoint counsel will be denied without prejudice.

**Further Notice to Asemani**

Asemani has filed several typed documents that are nearly illegible because the type on the page is extremely light. *See* ECF Nos. 5, 12, 32. Documents of this nature are very difficult to read both on their face and on the Court's electronic filing system. Asemani is cautioned that documents filed with the Court must be easily legible and if they are not, they may be returned to him without being filed, with direction to correct the deficiency. This may delay his case and cause him to miss filing deadlines.

The Court also cautions Asemani as to the volume of his filings. If he has already filed a motion for relief that is pending, it is not necessary to file multiple additional motions requesting the same relief. If he needs to supplement a pending motion, he may do so by filing a "supplement" to the motion which will be docketed as such. Filing multiple duplicative motions may result in delay in moving his case forward, as the Court needs to review and address each separate motion.

Finally, Asemani is advised that he should not file documents with the Court that are already on file, such as the case docket sheets. These documents are readily accessible by the Court and unnecessary filings simply cause further delay in the progress of the case.

**Conclusion**

Asemani's motion for leave to proceed in forma pauperis will be granted and he will be provided with an opportunity to file an amended complaint. His initial motion for preliminary relief is denied as moot and his subsequent motions for preliminary relief are denied without prejudice. Asemani's motions for appointment of counsel are denied without prejudice. Centurion's motion to dismiss or, in the alternative, for summary judgment is denied without prejudice. Additional miscellaneous motions have been ruled on as noted. An implementing Order follows.

       /s/   January 20, 2026
Stephanie A. Gallagher
United States District Judge